IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KRIS TURNBULL<br>(TDCJ No. 1692158),<br><br>   Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director<br>Texas Department of Criminal Justice<br>Correctional Institutions Division,<br><br>   Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:16-cv-370-D-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Kris Turbull, a Texas inmate, proceeding *pro se*, has filed a 28 U.S.C. § 2254 application for writ of habeas corpus. *See* Dkt. No. 3. For the reasons explained below, the application should be denied without prejudice to Turnbull's right to fully exhaust his state court remedies pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**Background**

The pleading docketed as a Section 2254 petition is a handwritten letter from Turnbull to the Clerk of the Court "inquiring about the possibility of being appointed counsel to present three claims to the Court" and also informing the Court that he is "waiting an answer from the [Texas] Court of Criminal Appeals" regarding his state habeas application. Dkt. No. 3.

Electronic records available online reflect that Turnbull was convicted of capital

murder and theft in Bell County, Texas in 2011 and is currently incarcerated at the TDCJ Robertson Unit in Jones County, Texas. *See also Turnbull v. State*, No. 03-11-00118-CR, 2013 WL 5925543 (Tex. App. – Austin Oct. 24, 2013, pet. ref'd).

## Legal Standards and Analysis

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982])))). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

While a federal habeas petition that contains unexhausted claims generally must be dismissed in its entirety, s*ee Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), since the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts have recognized a limited stay-and-abeyance doctrine

in Section 2254 cases applicable to claims that a petitioner failed to exhaust in state court:

> Federal district courts may not adjudicate mixed petitions for habeas corpus containing both unexhausted and exhausted claims. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 518-19. For many years, federal courts dismissed such petitions without prejudice under *Rose*, but the introduction of the one-year statute of limitations under AEDPA made such dismissals effectively final. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). Because the filing of a federal habeas petition does not toll the statute of limitations, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), a petitioner returning to state court to pursue unexhausted claims contained in a mixed petition is unlikely to be able to do so and return to federal court before the statute of limitations runs. *See Rhines*, 544 U.S. at 275.

*United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1042-43 (N.D. Ill. 2008) (citations modified).

"When a petitioner brings an unexhausted claim in federal court, stay and abeyance is appropriate when the district court finds that there was good cause for the failure to exhaust the claim; the claim is not plainly meritless; and there is no indication that the failure was for purposes of delay." *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines*, 544 U.S. at 277-78). But, "[b]ecause a stay and abeyance has the potential to 'frustrate[ ] AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings,' the Supreme Court has stated that 'stay and abeyance should be available only in limited circumstances.'" *Id.* (quoting *Rhines*, 544 U.S. at 277); *see also Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner had good cause for [the] failure [to exhaust], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly

meritless." (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."))).

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)).

Through the construed Section 2254 habeas petition, Turbull plainly reveals that he has not fully exhausted his state court remedies by obtaining a decision from

the Texas Court of Criminal Appeals prior to filing a habeas application in this Court. Thus, he has failed to exhaust his state remedies in a procedurally correct manner. And his Section 2254 petition should be dismissed without prejudice pursuant to Rule 4.

While Turnbull has not shown that the limited stay-and-abeyance doctrine should be applied here, dismissal without prejudice (as opposed to stay and abeyance) is also proper here because any Section 2254 action by Turnbull does not belong in the Dallas Division of the Northern District of Texas.

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See United States v. Mares,* 868 F.2d 151, 152 (5th Cir. 1989). The district court in which such an application is filed, in the exercise of its discretion and in furtherance of justice, may transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d).

Turnbull was convicted in Bell County, Texas, which lies within the Waco Division of the Western District of Texas. *See id.* § 124(d)(2). And he is currently incarcerated in Jones County, which lies within the Abilene Division of the Northern

-5-

District of Texas. *See id.* § 124(d)(3). Thus, this matter (or any similar future matter) does not belong in the Dallas Division of the Northern District of Texas.

Finally, while the Court need not formally address Turnbull's request for appointment of counsel, he is advised that "[n]o constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012). But, "under [18 U.S.C.] § 3006A(a)(2)(B), a [habeas] petitioner should be appointed counsel when 'the interests of justice so require.'" *Urias*, 455 F. App'x at 523 (quoting 18 U.S.C. § 3006A(a)(2)(B)).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)); *see Scoggins v. MacEachern*, Civ. A. No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); other citations omitted)); *see also Lyle v. United States*, Civ. A. No. JFM–09–727 & Crim. No. JFM–02–395, 2009 WL

901523, at *1 (D. Md. Mar. 31, 2009) (the decision to appoint counsel under "§ 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant" (citing *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984))).

### Recommendation and Direction to the Clerk of Court

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court should deny Turnbull's 28 U.S.C. § 2254 habeas application without prejudice to his right to fully and properly exhaust his state court remedies. The Court also should direct that the Clerk of Court serve any order adopting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General and will be directed to the attention of Elizabeth Goettert and Laura Haney, Assistant Attorneys General, Postconviction Litigation Division, Austin, Texas. *See* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, RULE 4.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 17, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE